# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

ANDREW MENEESE,
      **Plaintiff,**

     **v.**                                  **Case No. 25-C-1782**

CITY OF MILWAUKEE, et al.,
      **Defendants.**

---

## SCREENING ORDER

Plaintiff Andrew Meneese, who is currently serving a state prison sentence at the Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. ECF No. 1. This order resolves Plaintiff's motion for leave to proceed without prepayment of the filing fee and screens the complaint.

## I.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 5, 2025, I ordered Plaintiff to pay an initial partial filing fee of $35.07. ECF No. 7. Plaintiff paid that fee on December 23, 2025. Accordingly, I will grant

Plaintiff's motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. SCREENING THE COMPLAINT

### A. Federal Screening Standard

The Prison Litigation Reform Act (PLRA) requires me to screen any complaint brought by a prisoner seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I am required to dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states plausible claims for relief.

To state a claim under the federal notice pleading system, Plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must give each individual defendant notice of what he or she is accused of saying or doing to violate Plaintiff's rights; when and where the actions or inactions occurred; and the nature and extent of any injury the actions or inactions caused. *Id.*

2

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## B. Plaintiff's Allegations

At the relevant time, Plaintiff was a private citizen in Milwaukee, Wisconsin. ECF No. 1. Defendants are City of Milwaukee, City of Milwaukee Police Department, and John Doe City of Milwaukee Police Officers #1-5. *Id*. at 1. On November 13, 2022, John Doe Police Officers #1-5 located Plaintiff to question and arrest him. *Id*. Plaintiff states that they used so much force while handcuffing him that they broke multiple fingers. *Id*. Plaintiff states that he was not resisting arrest and he has medical records to prove his injuries. *Id*. For relief, Plaintiff seeks monetary damages. *Id*.

## C. Analysis

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Under the Fourth Amendment, police officers may not use excessive force to effectuate an arrest. *Avina v. Bohlen*, 882 F.3d 674, 678 (7th Cir. 2018) (citing *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010)). "Whether a police officer used

excessive force is analyzed from the perspective of a reasonable officer under the circumstances, rather than examining the officer's actions in hindsight." *Id*. (quoting *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015). The reasonableness of an officer's actions must be determined by examining the "specific circumstances of the arrest, including 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Cyrus*, 624 F.3d at 861–62 (quoting *Graham v. Connor*, 490 U.S. 386, 396, (1989)).

Plaintiff alleges that John Doe Police Officers #1-5 used so much force to handcuff him during his arrest that they broke multiple fingers. He states that he was not resisting arrest; and Defendants were using an unnecessary amount of force under the circumstances. Full development of the record may show that there was a reason to use force. But at this stage, given Plaintiff's broken fingers, I can reasonably infer that John Doe Police Officers #1-5 may have used excessive force to effectuate arrest on November 13, 2022. Plaintiff also asks to proceed with state law claims for battery and intentional infliction of emotional distress. Given that the state law claims arise from the same set of operative facts, I will take supplemental jurisdiction over the state law claims. *See* 28 U.S.C. §1367. Accordingly, Plaintiff may proceed on a Fourth Amendment excessive force claim, along with state law battery and intentional infliction of emotional distress claims, against John Doe City of Milwaukee Police Officers #1-5 in connection with his November 13, 2022 arrest.

Because Plaintiff does not know the real names of John Doe Police Officers #1-5, I will add City of Milwaukee Chief of Police Jeffrey Norman as a defendant for the limited

4

purpose of helping Plaintiff identify their real names. *See Donald v. Cook County Sheriff's Dept.,* 95 F.3d 548, 556 (7th Cir. 1996). Chief Norman will be served with the complaint and a copy of this order. He does not have to respond to the complaint. After Chief Norman's attorney files an appearance in this case, Plaintiff may serve discovery upon Chief Norman (by mailing it to his attorney at the address in the notice of appearance) to get information that will help him identify John Doe Police Officers #1-5 real names. Plaintiff may serve interrogatories under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Plaintiff has not stated a claim against Chief Norman, discovery requests must be limited to information or documents that will help Plaintiff learn John Doe Police Officers #1-5 real names. Plaintiff may not ask Chief Norman about any other topic, and Chief Norman is under no obligation to respond to requests about any other topic.

After Plaintiff identifies John Doe Police Officers #1-5 real names, he must file a motion to substitute their names for the Doe placeholders. Plaintiff must identify their real names **within forty-five days** of Chief Norman's attorney filing an appearance in the case. If he does not, or he fails to explain why he was unable to identify their real names, I will dismiss the case based on Plaintiff's failure to diligently pursue it. *See* Civ. L. R. 41(c) (E.D. Wis.). After Plaintiff identifies John Doe Police Officers' #1-5 real names, I will dismiss Chief Norman from the case.

I will dismiss the City of Milwaukee and the Milwaukee Police Department from the case, however. The Milwaukee Police Department is not a suable entity under §1983. *See Whiting v. Marathon C'nty Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). And Plaintiff has not alleged any policy or custom of the City of Milwaukee that violated his

rights.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Plaintiff has only complained about one single incident involving himself.  Therefore, Plaintiff has failed to state claims against the City of Milwaukee and the Milwaukee Police Department.

### III. CONCLUSION

For the reasons stated, Plaintiff may proceed on a Fourth Amendment excessive force claim, along with state law battery and intentional infliction of emotional distress claims, against John Doe City of Milwaukee Police Officers #1-5 in connection with his November 13, 2022 arrest.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the City of Milwaukee and the Milwaukee Police Department are **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that City of Milwaukee Chief of Police Jeffrey Norman be named as a defendant for the limited purpose of helping Plaintiff identify John Doe Police Officers #1-5.  The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon City of Milwaukee Chief of Police Jeffrey Norman pursuant to Federal Rule of Civil Procedure 4.  Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The

6

U.S. Marshals Service will give plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that Chief Norman does not have to respond to the complaint; however, he shall respond to discovery requests that Plaintiff serves to identify John Doe Police Officers #1-5 real names. Chief Norman does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Plaintiff must identify John Doe Police Officers' #1-5  real names **within forty-five** days of Chief Norman's attorney filing an appearance in this case. If Plaintiff does not identify their real names by the deadline or advise the court why he is unable to do so, I will dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from Plaintiff's prison trust account the **$314.93** balance of the filing fee **by collecting payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the clerk of court. The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common

---

[1] The Prisoner E-Filing Program is mandatory for all prisoners of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Questions," this guide contains information that plaintiff may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 27th day of February, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge