25cv1782

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 APR -2 P 4: 33

CLERK OF COURT

**Andrew Meneese,**
Plaintiff,

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**Andrew Meneese,**
Plaintiff,

v.

**[Officer Name / Police Department],**
Defendant.

**Case No.: 2022CF004469**

# MOTION TO COMPEL PRODUCTION OF BODY CAMERA/DASH CAMERA FOOTAGE AND FOR SANCTIONS (SPOLIATION)

Honorable Judge,

Plaintiff respectfully moves this Court for an order compelling the production of critical evidence and for appropriate sanctions based on the failure to produce such evidence.

**Good-Faith Effort to Obtain Records:**
Prior to filing this motion, Plaintiff made repeated open records requests to the [Police Department] for the body camera and/or dash camera footage related to the November 2022 arrest of Andrew Meneese at the community center. Most recently, on **March 17, 2026,** Plaintiff submitted a final request for the correct footage and requested confirmation if the footage could not be provided. Despite these efforts, the requested footage has not been produced. This demonstrates that Plaintiff has attempted to obtain the evidence without court intervention.

Plaintiff has submitted multiple open records requests for the police body camera and/or dash camera footage related to the arrest of Andrew Meneese. Despite repeated requests—and payment for the records—Plaintiff has not received the footage specifically requested. Instead, Plaintiff was provided with video materials that do not correspond to the incident in question.

**Potential Adverse Inference Due to Missing Evidence:**
Plaintiff respectfully notes that if the requested body camera or dash camera footage cannot be produced, the Court may consider an **adverse inference**. This means the Court could assume that the missing footage would have contained information unfavorable to the defendant officer and favorable to the Plaintiff. Such an inference is appropriate because the failure to produce the evidence may indicate it was lost, destroyed, or intentionally withheld. Even though this case may not involve a jury, the Court can take this into account when evaluating the facts and deciding the case.

The failure to produce this evidence raises serious concerns regarding its existence, preservation, and potential destruction. The requested footage is directly relevant to the claims and defenses in this case. Its absence suggests that it may be missing, improperly withheld, or destroyed, which may constitute spoliation of evidence.

Plaintiff respectfully requests that the Court:

1. Order Defendant to produce the requested body camera and/or dash camera footage in a timely manner and at no additional cost, as payment has already been made;
2. Require Defendant to explain the absence of the requested footage if it cannot be produced; and
3. Impose appropriate sanctions, including an adverse inference, if the Court determines that the evidence has been spoliated.

Although this matter may not involve a jury, Plaintiff requests that the Court consider that the missing evidence may have contained information favorable to Plaintiff and unfavorable to Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court grant this motion and provide such further relief as it deems just and proper.

Respectfully submitted,

Priscilla Vaughn
P/O. Box 90371
Milwaukee, WI. 53209
414-644-1514
vaughn.priscilla@yahoo.com

**Dated:** 4/2/2026

---

## CERTIFICATE OF SERVICE

I certify that on 4/2/2026, I served a copy of this Motion upon all parties or their counsel of record by method of email service.