# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

ANDREW MENEESE,
      **Plaintiff,**

    **v.**                                     **Case No. 25-C-1782**

JOHN KOHLER, et al.,
      **Defendants.**

---

## <u>ORDER</u>

Plaintiff Andrew Meneese, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. ECF No. 1. On February 27, 2026, I screened the complaint and allowed Plaintiff to proceed on a Fourth Amendment excessive force claim, along with state law battery and intentional infliction of emotional distress claims, against John Doe City of Milwaukee Police Officers #1-5 in connection with his November 13, 2022 arrest. ECF No. 9. Through the screening order, I added City of Milwaukee Chief of Police Jeffrey Norman as a nominal defendant in the case for the limited purpose of assisting Plaintiff in identifying the real names of John Does #1-5; and I directed Plaintiff to use discovery to identify the real names of John Does #1-5. *Id*. On March 11, 2026, Plaintiff identified John Kohler and Danyatta Brown as two out of the five John Doe defendants. ECF Nos. 11 & 12. About two weeks later, on April 2, 2026, Plaintiff filed a motion to compel body camera footage, along with a motion for sanctions. ECF No. 15. Plaintiff states that he has filed "open records requests" for body camera footage of the incident but the video provided does not "correspond to the incident in question." *Id*. at 1. He states that the relevant videotape evidence has potentially been destroyed. *Id*. at 1 & 2.

I will deny Plaintiff's motion to compel, motion for sanctions without prejudice. The defendants in this case are not obligated to respond to "open records requests." They

are required to respond to properly served discovery requests made in this case, but Plaintiff has not properly served them with discovery requests yet.  Indeed, Defendants Kohler and Brown were only recently identified on March 11, 2026; and only Defendant Kohler has been served with the complaint so far (on March 31, 2026).  ECF Nos. 12 & 14.  Neither named defendant has an attorney listed on the docket nor has answered the complaint.  Defendants Kohler and Brown have no obligation to respond to discovery that has not been properly served; and I will deny Plaintiff's motion to compel, motion for sanctions without prejudice.

As far as next steps, Plaintiff should be patient and wait for Defendant Kohler and Defendant Brown's attorneys to file a notice of appearance and a responsive pleading. Once they do so, I will enter a scheduling order opening discovery, and Plaintiff can serve discovery on Defendants Kohler and Brown (by mailing it to their attorney at the address listed on the docket) to acquire the body camera footage he wants.  If the body camera footage assists in identifying the real names of the remaining defendants—John Does #3-5—Plaintiff can identify them at that point.  But, at this time, I will deny Plaintiff's motion to compel, motion for sanctions.  Additionally, given that two out of five John Doe defendants have already been named, I will dismiss Chief Norman from the case as his assistance is no longer required in identifying John Does #3-5.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel, motion for sanctions (ECF No. 15) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Jeffrey Norman is **DISMISSED** from this case.

Dated at Milwaukee, Wisconsin this 6th day of April, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

2