# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDREW MENEESE,
        **Plaintiff,**

      v.                                  **Case No. 25-C-1782**

JOHN KOHLER, *et al.,*
        **Defendants.**

## DECISION AND ORDER

Plaintiff Andrew Meneese filed a complaint under 42 U.S.C §1983 alleging that his civil rights were violated during his arrest.  ECF No. 1.  On February 27, 2026, I screened the Amended Complaint and allowed Plaintiff to proceed on a Fourth Amendment excessive force claim, along with supplemental state law battery and intentional infliction of emotional distress claims, in connection with allegations that John Doe City of Milwaukee Police Officers #1-5 broke his fingers during his arrest.  ECF No. 9 at 6.  On March 9, 2026, Plaintiff identified two of the John Doe police officers: John Kohler and Danyatta Brown.  ECF Nos. 11 &12.

On April 15, 2025, Defendants Kohler and Brown filed a motion to dismiss based on Wisconsin's three-year statute of limitations.  ECF No. 24.  Defendants assert that the arrest giving rise to this lawsuit occurred on November 12, 2022, and Plaintiff filed the complaint on November 13, 2025, one day after Wisconsin's three-year statute of limitations passed.  ECF No. 25 at 2.  Because Plaintiff asserts that he was on a "MH-1 hold" for mental illness "during the relevant period," but he does not clearly articulate whether he was mentally ill at the time the injury <u>accrued</u> as required by Wis. Stat. §893.16(1) to toll the statute of limitations, I will give Plaintiff the opportunity to file an

Amended Complaint within 30 days to clarify the circumstances. Additionally, because Plaintiff may amend the complaint, I will deny the motion to dismiss as moot.

## I. MOTION TO DISMISS

A.      <u>Facts Alleged in the Complaint</u>

According to the original complaint, on or around November 13, 2022, Defendants arrested plaintiff with so much force that they broke multiple fingers.  ECF No. 1, ¶3. Plaintiff alleges that he was not resisting arrest and he has medical records to prove his injuries.  *Id*.  Plaintiff's complaint was filed by Priscilla Vaughn—his "power of attorney." ECF No. 1 at 2.  The documents attached to the complaint indicate that Ms. Vaugh became Plaintiff's power of attorney on November 22, 2022 (about a week after the incident giving rise to this lawsuit).  ECF No. 1-2 at 4.  For relief, he seeks monetary damages.  ECF No. 1 at 1.

B.      <u>Standard of Review</u>

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A statute of limitations defense may be raised by motion under Rule 12(b)(6) if the allegations of the complaint set forth everything needed to satisfy the affirmative defense.  *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009).  At the pleading stage, the court must take the factual allegations as true, granting plaintiff the benefit of every reasonable inference that may be drawn from those allegations.  *Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013).  When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible.  *Id*.

C.    Discussion

A §1983 lawsuit must be brought within the statute of limitations for personal injuries supplied by the state in which the claim arose. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).  In Wisconsin, the statute of limitations for an incident that accrued after April 5, 2018 is three years. *Id.; see also D'Acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that the Wisconsin legislature changed the relevant statute of limitations from six years to three years).  Although federal courts borrow the statute of limitations from state law, "the accrual date of a §1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388.  Under federal law, the clock starts when the constitutional violation is complete, and Plaintiff knows of his injury and its cause. *Id*.; *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).  In an excessive force case, the claim generally accrues at the time the force was purportedly applied. *Walker v. City of Chicago*, 559 F. Supp. 3d 747, 751 (N.D. Ill. 2021); *see also Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) (noting that an excessive force claim "accrues immediately.").

A federal court borrows the forum state's tolling principles, however. *Malone v. Corr. Corp. of Am.,* 553 F.3d 540, 542 (7th Cir. 2009).  "Tolling interrupts the statute of limitations after it has begun to run." *Heard v. Sheahan*, 253 F.3d 316, 317-18 (7th Cir. 2001).  Wisconsin state law permits a five-year tolling period for mental illness. *See Lewis v. Stenz*, 637 F. App'x 943, 944 (7th Cir. 2016); *see also* Wis. Stat. §893.16(1) ("If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years, except for actions against health care providers; or mentally ill, the action may be commenced within 2 years after the disability ceases, except that where

3

the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years."). The Seventh Circuit has interpreted the five-year tolling-period to apply if the plaintiff "was mentally ill when the injury accrued and continues to be mentally ill." *Lewis,* 637 F. App'x at 944. "A plaintiff is mentally ill for purposes of the Wisconsin tolling provision if he is or was functionally unable to understand or appreciate the situation giving rise to the legal claim or functionally unable to understand legal rights and appreciate the need to assert them." *Id.* If there are disputes of fact regarding Plaintiff's assertion of a mental illness, dismissal of the complaint is inappropriate. *Id*.

Defendants assert that the excessive force claim giving rise to this lawsuit accrued on November 12, 2022 when the force was used; therefore, Plaintiff had to file this lawsuit before November 12, 2025 to comply with Wisconsin's three-year statute of limitations. ECF No. 25 at 2. They argue that Plaintiff did not actually file this lawsuit until November 13, 2025, so his claim was late by one day. *Id*. In response, Plaintiff asserts that he was on a "MH-1 hold" under Wisconsin law for a mental health crisis "during the relevant period," which tolled the statute of limitations. ECF No. 28 at 1 & 2. He states that he "was unable to safely function or manage his own affairs." *Id*. at 2. He states that he could not understand his legal rights or take steps to initiate litigation. *Id*. It's unclear when (*i.e.*, which specific dates) Plaintiff was on an "MH-1 hold;" and Plaintiff does not affirmatively allege that he was mentally ill at the time the injury accrued, as required by Wis. Stat. §893.16(1) to toll the statute of limitations. *See* ECF No. 28 at 1 & 2. Additionally, his power of attorney was not signed until November 22, 2022 (ten days after the claim accrued). In other words, I do not have any allegations at this time from which I can reasonably infer that Plaintiff was mentally ill when the injury accrued.

4

Plaintiff has requested leave to amend the complaint. ECF No. 28 at 2 & 3. Defendants argue that an opportunity to amend would be futile. ECF No. 29 at 6 & 7. They note that Plaintiff was not on an "MH-1 hold" at the time he was arrested; and had he been on an "MH-1 hold" at that time, they would not have needed to arrest him in the first place. *Id.* at 4. But an individual can be mentally ill even though they are not on an "MH-1 hold." If it is true that Plaintiff was on an "MH-1 hold" shortly after the arrest, it is entirely possible and likely that he was mentally ill at the time of the arrest as well. The issue here is that Plaintiff has not made that specific allegation either in his original complaint or response materials. Given that it is unclear whether Plaintiff was mentally ill at the time the injury accrued, and an allegation to that effect would cure the deficiency, I will give him the opportunity to file an Amended Complaint within 30 days to clarify the circumstances. *See Bogie,* 705 F.3d at 608. Because Plaintiff has been given the opportunity to amend, I will deny the motion to dismiss as moot.

## II.     CONCLUSION

For the reasons stated, **IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 24) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint within 30 days of the date of this order.

Dated at Milwaukee, Wisconsin this 8th day of July, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

5